Edward J. Maney
Chapter 13 Trustee
101 N. First Ave., Suite 1775
Phoenix, Arizona 85003
Telephone (602) 277-3776
ejm@maney13trustee.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

In re:                                                    ) CHAPTER 13 PROCEEDINGS
                                                          )
                                                          ) CASE NO. # 2: 23-00845-PS
    DANA LIN GOLUZA,                                      )
                                                          ) TRUSTEE'S EVALUATION AND
                                                          ) RECOMMENDATION(S) REPORT WITH
                                                          ) NOTICE OF POTENTIAL DISMISSAL IF
                                                          ) CONDITIONS ARE NOT SATISFIED
                                                          ) RE: CHAPTER 13 PLAN
                        (Debtor(s)    )                   *Docket #2      filed February 10, 2023*

Edward J. Maney, Trustee, has analyzed the Debtor(s) Chapter 13 Plan and supporting documents and submits the following evaluation and recommendation(s):

**General requirements:**

a.  Due to the possibility of errors on the claims docket, it is the attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between the claims and the Plan prior to submitting any proposed Order Confirming Plan to the Trustee. *Please submit a copy of the Court's Claims Register with any submission of the Order Confirming.*

b.  Requests by the Trustee for documents and information are not superseded by the filing of an amended plan or motion for moratorium.

c.  The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an amended or modified plan is filed and noticed out.

d.  The Debtors are required to provide directly to the Trustee, *within 30 days after their filing*, copies of their federal and state income tax returns for every year during the duration of the Chapter 13 Plan. This requirement is to be included in any Order Confirming.

e.  The Trustee requires that any proposed Order Confirming Plan state: "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

f.  The Trustee requires that any proposed Order Confirming Plan state: "Debtor is instructed to remit all payments on or before the stated due date each month. Debtor is advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before the Case can be discharged. This requirement is effective regardless of Plan payments suspensions, waivers or moratoriums, and must be included in any Plan Confirmation Orders."

g. At the time of confirmation, the Trustee will require the Debtors to certify that they are current on all required tax filings and any domestic support orders.

h. At the time of confirmation, the debtor(s) are required to certify, via language in the Order Confirming, that they are current on all payments that have come due on any Domestic Support Orders since the filing of their case <u>and</u> that they are current on all required tax return filings [pursuant to 11 U.S.C. §1308].

i. DEBTORS / DEBTORS' COUNSEL REMINDER - A letter is to be submitted to the Trustee, accompanying any Order Confirming, addressing all issues as they are listed in the Trustee's Recommendation. <u>In addition, **all** documents (ex: tax returns, paystubs etc.) submitted to the Trustee must be redacted – in compliance with Fed.R.Bankr.P.9037 -- by debtors and/or their counsel.</u>

**Specific Recommendations:**

1. The proofs of claim filed by the Internal Revenue Service (*priority* claim #21, filed May 4, 2023) and the Arizona Department of Revenue's (*priority* claim #9 filed April 10, 2023) differ by classification and/or amount from these creditors' treatment under the Plan. To resolve this discrepancy, the Trustee requires either; a) Debtor object to the Proof of Claim; b) the creditor sign-off on an Order Confirming; c) the Order Confirming be altered to pay the creditor pursuant to the Proof of Claim <u>including payment of the contract rate of interest</u>; or d) Debtor file an Amended Plan to provide for the creditor's claim as shown by the Proof of Claim.

2. The Plan proposes payment of the claim to Conn's HomePlus (washer/dryer) who has not filed a secured proof of claim. The Trustee requires the Debtor(s) to provide verification of any security interest held by the creditor by providing him with a copy of the security documents, such as a security agreement, UCC-1, title, deed of trust or the like. Moreover, the Trustee requires that the Order Confirming Plan provide: "The Trustee has authority to pay on the secured debt owed to Conn's HomePlus even though this creditor has not filed a proof of claim, but the Plan and this Order are not an informal proof of claim for any creditor." Alternatively, if the security interest cannot be verified by the Debtor(s), then the Debtor(s) may delete the proposed treatment in a proposed order confirming plan:
   a. pursuant to the language in Section (C)(5) of the Model Plan;
   b. *after* filing a motion and providing 28 days' notice to the creditor of the intent to delete the proposed secured treatment from the Plan; or
   c. by having the creditor, through its agent/representative or legal counsel, sign the order confirming plan approving the treatment of its claim through the Plan.

3.  The Trustee requires the debtors supply a copy of statements that reveals the balance on hand - in <u>all</u> of her financial/bank accounts - on the date of the filing of her case.

In summary, the Plan can be confirmed subject to the condition(s) noted above, adequate funding, and timely filed Stipulated Order Confirming, and Court approval.  ***The Trustee requires that any Stipulated Order Confirming contain the "wet" signatures from the debtors (where applicable), debtors counsel and objecting creditors if there are any***.  General unsecured creditors (including secured creditors with unsecured deficiency balances) will be paid through the Trustee an estimated $9,674 or approximately 23% of unsecured claims, subject to timely filed and allowed claims.  Chapter 7 reconciliation requirement must be met given debtors scheduled equity in non-exempt property at petition date.  **You are hereby advised that the Trustee may lodge an Order of Dismissal should Debtor fail to resolve item(s) #3 above and submit a Stipulated Order Confirming to the Trustee for review and signature or request a hearing within 30 days from the date of the mailing of this Trustee's Recommendation.**

Date See Electronic Signature Block

EDWARD J. MANEY,
CHAPTER 13 TRUSTEE

By: _____
Edward J. Maney ABN 12256
CHAPTER 13 TRUSTEE
101 North First Ave., Suite 1775
Phoenix, Arizona 85003
(602) 277-3776
ejm@maney13trustee.com

Copies of the forgoing
mailed on [see electronic signature],
to the following:

Dana Goluza
6837 S. Jentilly Lane
Tempe, Arizona 85283
Debtor

Thomas A. McAvity, Esq.
PHOENIX FRESH START
4131 Main Street
Skokie, IL 60076-2780
Debtor's counsel

By:_____
    Trustee's Clerk